UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE M. SIMPSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-8811** |
| **STATE FARM FIRE AND CASUALTY COMPANY AND ED MOPEY SCHAUMBERG** | **SECTION "C" (3)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiff, Wayne M. Simpson ("Plaintiff") (Rec. Doc. 5), in which he claims that insurance agent, Ed Mopey Shaumburg ("Shaumburg"), was not fraudulently joined and that this Court does not have jurisdiction over their case under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").[1] Defendant, State Farm Fire and Casualty Company ("State Farm") filed an opposition to the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the

---

[1] The Defendants do not address whether the Court has jurisdiction under the MMTJA in their opposition memorandum, but they did raise the argument in their Notice of Removal. This Court agrees that the MMTJA does not apply to this case. See, *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562 (E.D.La.) (J. Berrigan).

record and the applicable law, the Court finds that remand is inappropriate at this time.

"The burden of persuasion placed upon those who cry 'fraudulent [improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994). This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .") A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. *Smallwood*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery

against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

The Plaintiff asserts that Shaumburg was not fraudulently joined.  He argues that the allegations against Shaumburg in his state court petition allege a cause of action against the insurance agent under Louisiana law.  Specifically, he claims that Shaumburg breached a duty to properly advise him on his insurance coverage in failing to disclose the existence of the "concurrent causation clause" in his homeowners insurance policy. See, Rec. Doc. 1.

State Farm disagrees.  It asserts that Shaumburg was improperly joined to the action because the Plaintiff cannot state a cause of action against him for which relief can be granted.  It argues that the Plaintiff did not allege that Shaumburg breached a duty to place insurance and that Shaumburg did not owe him a duty to advise him of the exclusions in his policy.

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage and to promptly notify the client if he fails to obtain the requested insurance. *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.*, 910 F.2d 224 (5th Cir. 1990); *Karam v. St. Paul Fire & Marine Insurance Co.*, 281 So.2d 728 (La.

1973); *Graves v. State Farm Mutual Auto Insurance Co.*, 821 So.2d 769, 2001-1243 (La. App. 3 Cir. 6/26/02); *Cambre v. State Farm Indemnity Co.*, 404 So.2d 511 (La. App. 4 Cir. 1982). See also, *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La.) (J. Lemmon).  However, an insurance agent's duties can be greater than merely procuring the insurance requested, depending on what service the agent holds himself out as performing and the nature of the specific relationship between the agent and his client.  *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La.) (J. Lemmon) (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 3 Cir. 0626/02)).

The Plaintiff alleges that Shaumburg had a duty to inform him of the exclusions in his insurance policy.  The Plaintiff does not allege that he requested a specific type or amount of coverage that Shaumburg failed to provide.  As stated above, there is no such duty under Louisiana law. Thus, the Plaintiff did not state a claim against Shaumburg.

Furthermore, any claims that the Plaintiff may have had against Shaumburg are perempted by Louisiana Revised Statute § 9:5606.[2]  The Plaintiff obviously renewed his

---

[2] Louisiana Revised Statute § 9:5606 provides in relevant part:
   A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all

policy every year since he originally purchased it in 1994. In general, renewals of insurance policies do not operate to restart peremption. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.*, 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)). However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages. *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04). The inquiry is whether the actions of the insurance agent at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

    Here, there are no allegations that the Plaintiff relied on any specific statements or actions by Shaumburg regarding his coverage at the yearly renewal periods. Thus, there is no evidence of renewed reliance after the original placement of the insurance, making this case is distinguishable from those in which this Court found that the plaintiffs may have relied on the insurance agent's statements at the time of the policy renewals or due to periodic changes in the policy. See, *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562 (E.D.La.) (J. Berrigan); *Three X, L.L.C. v. Lexington Ins. Co.*, 2006 WL 3142276 (E.D.La.) (J. Berrigan); *Giardina, et. al. v. Allstate Ins. Co., et. al.* 06-6451 (E.D.La. 11/22/2006) (J. Berrigan). Therefore, any claims against Shaumburg are

---

events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

perempted by Louisiana Revised Statute § 9:5606.

Based on the record and the law, the Court finds that the defendants have established that all of the properly joined parties were diverse on the date of removal. However, the Court is not satisfied that the minimum jurisdictional amount was in controversy on the date of removal. Accordingly,

IT IS ORDERED that the Plaintiff's Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED that the parties respond more fully in writing and before March 2, 2007 to the Court's order concerning the existence of the jurisdictional amount. See, Rec. Doc. 3.**

New Orleans, Louisiana, this 7th day of February, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE