UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE M. SIMPSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-8811** |
| **STATE FARM FIRE AND CASUALTY COMPANY AND ED MOPEY SCHAUMBURG** | **SECTION "C" (3)** |

## ORDER AND REASONS

Before this Court is a Motion to Dismiss filed by the defendants, State Farm Fire and Casualty Company ("State Farm") and Ed Mopey Schaumburg ("Schaumburg") (Rec. Doc. 17). Plaintiff, Wayne M. Simpson ("Simpson"), has not filed an opposition to the motion.[1] The motion is before the Court on the briefs, without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court finds that the Motion to Dismiss is **GRANTED.**

---

[1] Local Rule 7.5 requires oppositions to motions to be filed no later than eight calender days prior to the noticed hearing date. This motion is noticed for hearing on May 16, 2007. Therefore, any opposition was due on May 8, 2007.

**I. BACKGROUND**

Simpson bought the property located at 4125 Florida Avenue, Meraux, Louisiana in April 1994. At that time, he also purchased homeowners insurance for the property from State Farm through Schaumburg, an insurance agent. Then, on August 29, 2005, Hurricane Katrina damaged the property. When Simpson tried to make a claim under his homeowners insurance policy, he discovered that he did not have the coverage that he believed he had. As a result, he filed this suit for damages against State Farm and Schaumburg in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

State Farm removed the action to this Court asserting diversity subject matter jurisdiction and jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). Simpson subsequently filed a motion to remand, which was denied on the basis that the Louisiana defendant, Schaumburg, was fraudulently joined.[2] See, Rec. Doc. 10. After the parties provided information regarding the amount in controversy, the Court determined that it has diversity jurisdiction to hear this matter See, Rec. Doc. 16. The defendants now move to dismiss Simpson's claims against Schaumburg pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[2] However, the Court found that it did not have jurisdiction under the MMTJA. See, Rec. Doc. 10.

**II. ANALYSIS**

When considering a motion to dismiss under Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-285 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 284).

As mentioned above, this Court has already ruled that Schaumburg was fraudulently joined to this action. See, Rec. Doc. 10. Specifically, the Court found that Simpson's claims against Schaumburg are perempted by Louisiana Revised Statute § 9:5606. See, Rec. Doc. 10. Thus, under Louisiana law, Simpson has not stated a claim against Schaumburg for which relief can be granted.

3

### III. **CONCLUSION**

For the reasons stated above,

IT IS ORDERED that the defendants' Motion to Dismiss is hereby **GRANTED**.

New Orleans, Louisiana, this 11th day of May, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE